NO. 07-00-0584-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 19, 2001



______________________________




QUINTON JERMAINE WILSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 208TH DISTRICT COURT OF HARRIS COUNTY;



NO. 820418; HONORABLE DENISE COLLINS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In one issue, appellant Quinton Jermaine Wilson challenges the punishment
assessed for his conviction of murder by asserting that the trial court's failure to find he
committed murder under the influence of sudden passion arising from an adequate cause
is against the great weight and preponderance of the evidence and is manifestly unjust. 
 We affirm the judgment of the trial court for the reasons set forth.

 Appellant pled guilty to the offense of murder, and the trial court assessed his
punishment at 45 years confinement in the Institutional Division of the Department of
Criminal Justice. He argues that he showed by a preponderance of the evidence that the
death of the victim, Keith Tucker (Tucker), occurred when he was under the influence of
sudden passion arising from an adequate cause, i.e., he was afraid because Tucker pulled
a gun and threatened to kill him. Therefore, the proper range of punishment was not less
than two years or more than 20 years. 

 Section 19.02(d) of the Penal Code provides:

 At the punishment stage of a trial, the defendant may raise the issue as to
whether he caused the death under the immediate influence of sudden
passion arising from an adequate cause. If the defendant proves the issue
in the affirmative by a preponderance of the evidence, the offense is a felony
of the second degree.


Tex. Pen. Code Ann. § 19.02(d) (Vernon 1994). Without satisfactory proof of "sudden
passion arising from an adequate cause," the offense is a felony of the first degree. Id. §
19.02(c). "Adequate cause" is defined to mean "cause that would commonly produce a
degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to
render the mind incapable of cool reflection." Id. § 19.02 (a) (1). "Sudden passion"
means "passion directly caused by and arising out of provocation by the individual killed
or another acting with the person killed which passion arises at the time of the offense and
is not solely the result of former provocation." Id. §19.02(a)(2). 

 The defendant is required to prove that he acted under the influence of sudden
passion arising from an adequate cause by a preponderance of the evidence. Because
appellant seeks review of the court's failure to make a finding on which appellant had the
burden of proof, we must make a review of the evidence and determine whether, after
considering all the evidence, the judgment is so against the great weight and
preponderance of the evidence as to be manifestly unjust. Dudley v. State, 992 S.W.2d
565, 567 (Tex.App.--Texarkana 1999, no pet.); Naasz v. State, 974 S.W.2d 418, 421
(Tex.App.--Dallas 1998, pet. ref'd). In making our review, we must remember that the
factfinder is the sole judge of the weight and credibility of the witnesses. Santellan v.
State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). 

 At the punishment hearing, the State requested to supplement the pre-sentence
investigation report to include summaries of the statements of three witnesses. While the
actual pre-sentence investigation report is not included in the record, a summary of the
testimony sought to be added is included in the reporter's record. Tandra Washington
stated she witnessed the murder of Tucker, whom she had known for 15 years, and that
appellant shot him as he tried to ride away on his bicycle. She saw appellant walk over
to Tucker, who was lying on the ground, and shoot him several more times. Folonda
Sample also witnessed the shooting and stated Tucker was riding his bicycle and appellant
ran after him and shot him. Appellant then walked up to Tucker and continued to shoot
him. Finally, Terrance Brown, a 12-year-old boy who witnessed the murder, saw the same
thing as the other two witnesses. The State also sought to amend the report to show that
no gun was ever found at the scene of the crime. The court allowed supplementation of
the report with those statements and that information. 

 Sergeant Eric Mehl of the Houston Police Department testified that, although the
pre-sentence investigation report showed that Tucker had robbed appellant a week or so
before his death, Sergeant Mehl could not find a robbery report had been made to the
police. He also heard rumors that Tucker shot at appellant prior to the murder, but no one
could give Sergeant Mehl the names of any witnesses who had knowledge of this event
or any specific details. He never heard during his investigation that Tucker was a member
of a gang, although he had been told Tucker was a drug dealer. Tucker also had an
extensive criminal history. Additionally, in his investigation of the murder, Sergeant Mehl
never heard the allegation that Tucker pulled a pistol from his shirt just prior to the murder. 
Sergeant Mehl admitted that it would have been possible for someone to remove a gun
from the crime scene before police arrived. 

 Appellant stated at the hearing that he "was scared at the time, in fear" because
Tucker "had pulled a gun at me and shot at me recently." Sometime prior to the shooting,
appellant and Tucker, who both sold drugs, argued over money. Tucker came to
appellant's sister's house with a shotgun to buy marijuana. He pointed the gun at
appellant and eventually took the marijuana, a video game, and some money. Tucker
threatened to kill appellant. When appellant tried to get his money back, Tucker grabbed
a shotgun and began to shoot at his car. After that incident, appellant bought a gun. 

 Two days before the murder, Tucker came to appellant's apartment, and appellant
ran from him because he was scared. On the day of the murder, Tucker rode by
appellant's apartment on his bicycle and told appellant to get off Tucker's block. After
Tucker rode past appellant, he stopped and came back. They had words, and Tucker told
appellant he would kill him. Appellant pulled his gun out of his pocket and shot Tucker. 
When Tucker fell, appellant walked up and shot him once more because he was scared. 
Appellant dropped his gun and ran. He stated that there should have been two guns at
the crime scene, his and Tucker's. Although appellant fled to California, he eventually
returned to Texas and turned himself in to the authorities. 

 On cross-examination, he said he shot Tucker in the back and the head. 
Appellant's father told him somebody else came and shot Tucker again after appellant left. 
Appellant claimed Tucker pulled a gun first, and he just happened to be faster than Tucker. 
He shot Tucker a second time in the head because Tucker "was still moving" and he was
"scared that he was going to kill me." The autopsy report showed Tucker had four gunshot
wounds: one each in the back, the head, the wrist and the hand.

 The cause of sudden passion must be such as to produce anger, rage, resentment,
or fear in a person of ordinary temper so as to render the mind incapable of cool reflection. 
Naasz, 974 S.W.2d at 423. A mere claim of fear or ordinary anger is not sufficient. 
Williams v. State, 35 S.W.3d 783, 787 (Tex.App.--Beaumont 2001, pet. ref'd); Naasz, 974
S.W.2d at 423. There also must be evidence that direct provocation by the victim or
someone acting with the victim occurred at the time of the killing. Evidence of prior
provocation alone is not sufficient, and the defendant may not rely on his own acts in
precipitating a confrontation. Id. at 423-24. The factfinder must be able to find that the
defendant killed the victim in an excited and agitated state of mind arising out of direct
provocation. Id. 

 Based on the evidence, the court could have found that appellant had adequate
time to cool off after his previous encounters with Tucker, the most recent of which
occurred two days prior to the murder. Although on the day of the incident appellant
claims Tucker pulled a gun on him first, and he shot Tucker because he was afraid, there
is also evidence that Tucker rode past appellant on his bicycle, that he did not pull a
weapon, and that appellant shot him in the back. Shooting someone in the back as he
passes by after an argument is not an objectively common response in a reasonable
person. Saldivar v. State, 980 S.W.2d 475, 506 (Tex.App.--Houston [14th Dist.] 1998, pet.
ref'd). The factfinder could also have believed that appellant walked up to Tucker, who
was lying on the ground after being shot once, and shot him three more times, and that
those subsequent shots were not the mindless result of a highly agitated state of fear, but
actions performed coolly and deliberately. Because the conflicts in the evidence required
a determination of the credibility of the evidence, the final resolution of those issues was
to be made by the factfinder, and we will not disturb those findings on appeal. Cain v.
State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). We do not believe the court's
failure to find that appellant acted under sudden passion arising from adequate cause was
so against the great weight and preponderance of the evidence as to be manifestly unjust. 


 Appellant's issue is overruled and, accordingly, the judgment of the trial court is
affirmed. 


 John T. Boyd

 Chief Justice


Do not publish.



Grid 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0019-CR

NO. 07-10-0020-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

MAY 11, 2011

 

______________________________

 

 

SERENA ROJAS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM CRIMINAL DISTRICT COURT TWO OF TARRANT COUNTY;

 

NOS. 1121706D & 1121491D; HONORABLE WAYNE SALVANT,
JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Pursuant to
open pleas of guilty, Appellant, Serena Rojas, was convicted of burglary of a
habitation in cause number 1121706D[1]
and aggravated assault with an affirmative finding on use of a firearm in cause
number 1121491D.[2]  Punishments were imposed at twenty years and
twenty-five years confinement, respectively.[3]  The sentences were ordered to be served
concurrently.  In presenting this appeal,
counsel has filed an Anders[4]
brief in support of a motion to withdraw. 
We grant counsel=s motion and affirm.

In support of his motion to
withdraw, counsel certifies he has conducted a conscientious examination of the
record and, in his opinion, the record reflects no potentially plausible basis
to support an appeal.  Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In
re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.  See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied
with the requirements of Anders and In re Schulman by (1)
providing a copy of the brief to Appellant, (2) notifying her of the right to
file a pro se response if she desired to do so, and (3) informing her of the
right to file a pro se petition for discretionary review.  In re Schulman, 252
S.W.3d at 408.[5]  By letter, this Court granted Appellant
thirty days in which to exercise her right to file a response to counsel=s brief,
should she be so inclined.  Id. at 409 n.23. 
Appellant did not file a response.  Neither did the State favor us with a brief.

The facts flowing from a guilty
plea are minimal.  According to evidence
presented at the sentencing hearing, Appellant, a drug addict, had been in
trouble since she was very young.  While
on trial for the underlying offenses, she was on probation for burglary.[6]  She and her younger brother, with whom she
shared a very close relationship, committed offenses together to obtain money
to support her drug habit.  

During closing argument, the State
argued that rehabilitation was not possible and observed escalation in the
seriousness of the offenses committed by Appellant.  The State urged the trial court to impose a
minimum sentence of forty years confinement. 
Defense counsel argued for another chance for Appellant and the benefit
of SAFP to overcome her drug habit.  The
trial court noted that Appellant had proven she could not complete probation
and imposed sentences of twenty and twenty-five years on the charged offenses. 

Appellate counsel raises two
arguable issues, to-wit: the trial court erred by (1) imposing a sentence
exceeding the plea bargain offer of twenty years and (2) imposing cruel and
unusual punishment.  Counsel then analyzes
the issues and concedes no reversible error is presented.  

We have independently examined the
entire record to determine whether there are any non-frivolous issues which
might support the appeal.  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re
Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d
503, 511 (Tex.Crim.App. 1991).  We have
found no such issues.  See Gainous v. State, 436 S.W.2d 137
(Tex.Crim.App. 1969).  After reviewing
the record and counsel=s brief, we agree with counsel that
there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).

Accordingly, counsel's motion to
withdraw is granted and the trial court=s judgments
are affirmed. 

 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 

 

 











[1]
Tex. Penal Code Ann. § 30.02(a) (West Supp. 2010).

 





[2]
Tex. Penal Code Ann. § 22.02(a)(2) (West 2003).





[3]Originally
appealed to the Second Court of Appeals, this appeal was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  Tex. Gov=t
Code Ann. ' 73.001 (West 2005).  We are unaware of any conflict between
precedent of the Second Court of Appeals and that of this Court on any relevant
issue.  Tex. R. App. P. 41.3.

 





[4]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[5]Notwithstanding that Appellant was informed of her
right to file a pro se petition for discretionary review upon execution of the Trial
Court=s Certification of Defendant=s Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate
Procedure which provides that counsel shall within five days after this opinion
is handed down, send Appellant a copy of the opinion and judgment together with
notification of her right to file a pro se petition for discretionary review.  In re Schulman, at
408 n.22 & at 411 n.35.





[6]At
the sentencing hearing, Appellant's probation was revoked and she was adjudicated
guilty of the burglary offense in cause number 1058663D.  That cause, however, is not on appeal before
this Court.